

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2003

# United Ins Co v. Unisys Corp

Precedential or Non-Precedential: Non-Precedential

Docket 02-2097

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"United Ins Co v. Unisys Corp" (2003). *2003 Decisions.* Paper 646.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/646

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2097
_____


UNITED INSURANCE COMPANY, as assignee of
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

v.

UNISYS CORPORATION,

Defendant/Third-Party Plaintiff

v.

AMERICAN RISK MANAGEMENT, INC.; ARM INTERNATIONAL CORP.;
NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;
AIG RISK MANAGEMENT, INC.,

Third-Party Defendants


Unisys Corporation,
Appellant

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 94-cv-00411)
District Judge:  The Honorable Katharine S. Hayden


_____


ARGUED MARCH 11, 2003

BEFORE: SLOVITER, NYGAARD, and ALARCON, Circuit Judges.

(Filed April 16, 2003)


John N. Ellison, Esq. (Argued)
Anderson Kill & Olick
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
        Counsel for Appellant

Gregg S. Sodini, Esq.
Sodini & Spina
120 Wood Avenue South, Suite 407
Iselin, NJ 08830

Joseph F. Lagrotteria, Esq.
Vincent S. Ziccolella, Esq. (Argued)
St. John & Wayne
Two Penn Plaza East
Newark, NH 07105
        Counsel for Appellees

———————

OPINION OF THE COURT

———————

NYGAARD, Circuit Judge.
        This appeal requires that we analyze under New Jersey law a complex insurance agreement that was devised by sophisticated insurance experts and negotiated by skilled businessmen.  Appellants argue that there is a "maximum premium," above which they are not obligated to pay.  We agree with appellees that, despite the presence of the phrase "maximum premium" in the documents, appellants did not purchase the protection of a "maximum" that cannot be exceeded.
        The insurance policy at issue, and all renewals thereof, contained an Endorsement entitled "Retrospective Premium Endorsement," which set forth the method which certain retrospective premiums payable by Sperry to National Union are to be calculated.  It is this Endorsement about which United Insurance and Unisys disagree.
        Unisys argues that the phrase "maximum premium" in the Endorsement fixes a cap on the calculation of the premiums on an aggregate basis.  United Insurance contends that the Endorsement did not provide Unisys with such a protection, and asserts that under the terms of the Endorsement, "maximum premium" increases as losses are incurred and paid under the policy.  Although the plain language of the insurance policy is confusing as to precisely what "maximum premium" means, we find that there is no cap on Unisys' liability for retrospective premiums because Unisys did not pay for this cap protection.  At oral argument, we pressed counsel for Unisys to show where the protection was acquired, but counsel could not cite any record evidence of such a purchase.  We also considered a 1979 written analysis by Sperry's insurance experts of the various insurance programs they were evaluating, which renders appellant's argument meritless.  This memorandum states:

> Another possibility which must be considered is a period of abnormally high loss frequency resulting in an accumulation of losses under $500,000 each which in the aggregate significantly exceed the estimated standard premium.  Under the current Liberty Mutual rating plan, retrospective earned premium cannot exceed 150% of standard premium, regardless of loss experience.  Under the basic ARM proposal, aggregate stop loss protection is not provided for and an abnormal run of losses would have to be funded by [Sperry] . . . .  We can purchase aggregate stop loss protection from [National Union] in the amount of $5,000,000 excess of $13,500,000 (150% of standard premium) for an additional premium of $285,000 but we recommend against this inasmuch as loss payments are stretched out over a 10 year period and, in any event, our past history does not indicate that the purchase of this coverage is necessary.

App. 415.  Clearly, the Sperry insurance analysts were aware that, had Sperry wanted "stop loss" protection, they could have paid for it.  The record shows that the protection that Unisys claims they have was in fact never purchased.
        In sum, and for the foregoing reasons, we will affirm the District Court's granting of summary judgment, which declared that the retrospective premium

endorsements to the policy at issue do not cap Unisys' liability for retrospective premiums.

_____

/s/ Richard L. Nygaard
Circuit Judge